## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **DERRICK PERSON** : | |
| : | |
| v. : | C.A. 1:22-cv-00043-WES-LDA |
| : | |
| **PATRICIA COYNE-FAGUE, alias,** : | |
| individually and in her official capacity : | |
| as director of the Rhode Island Department of : | |
| Corrections, **JENNIFER CLARKE, alias,** : | |
| individually and in her official capacity as : | |
| medical director of the Department of : | |
| Corrections, **RUIZ DINIZ, alias, individually** : | |
| and in his official capacity as warden of : | |
| the John J. Moran Medium Security Facility, : | |
| **SILKA DISLA, alias, individually and in** : | |
| her official capacity, **DENISE, alias,** : | |
| individually and in her official capacity, : | |
| **AMELIA ELLING, alias, individually and in** : | |
| her official capacity as a registered nurse : | |
| of the Department of Corrections, **LORRAINE** : | |
| **WARE, alias, individually and in her official** : | |
| capacity as a registered nurse of the : | |
| Department of Corrections, **CYNTHIA** : | |
| **SMITH, alias, individually and in her official** : | |
| capacity as a registered nurse of the : | |
| Department of Corrections, **STATE OF** : | |
| **RHODE ISLAND, DEPARTMENT OF** : | |
| **CORRECTIONS, alias; and JOHN DOE,** : | |
| **Alias** : | |

### STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Now Come the State Defendants, the Rhode Island Department of Corrections ("RIDOC"), Patricia Coyne-Fague ("Defendant Coyne-Fague"), Jennifer Clarke ("Defendant Clarke"), Ruiz Diniz ("Defendant Diniz"), Silka Disla ("Defendant Disla"), Amelia Elling ("Defendant Elling"), Lorraine Ware ("Defendant Ware"), and Cynthia Smith ("Defendant Smith"), in their official capacities only (collectively the "State Defendants"), and hereby answer Plaintiff's Complaint in

this matter, according to the numbered paragraphs as follows:

## I. Introductory Statement

This is an introductory paragraph, to which no response is necessary. If a response is deemed necessary, denied.

## II. Parties

1. State Defendants are without knowledge or information sufficient to either admit or deny the allegations asserted in this paragraph and, on that basis, deny.

2. Admit that Defendant Patricia Coyne-Fague is the Director of the RIDOC, and that per the complaint is being sued in her official and individual capacities. State Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations asserted in this paragraph and, on that basis, deny any and all remaining allegations.

3. Admit that Defendant Jennifer Clarke is per the complaint being sued in her official and individual capacities. To the extent that this paragraph alleges any wrongdoing by Defendant Clarke, deny. State Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations asserted in this paragraph and, on that basis, deny any and all remaining allegations.

4. Admit that Defendant Rui Diniz is per the complaint being sued in his official and individual capacities. To the extent that this paragraph alleges any wrongdoing by Defendant Diniz, deny. State Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations asserted in this paragraph and, on that basis, deny any and all remaining allegations.

5. Admit that Defendant Silka Disla is per the complaint being sued in her official and individual capacities. State Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations asserted in this paragraph and, on that basis, deny any and all remaining allegations.

6. Admit that Defendant Denise is per the complaint being sued in her official and individual capacities. State Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations asserted in this paragraph and, on that basis, deny any and all remaining allegations.

7. Admit that Defendant Lorraine Ware is per the complaint being sued in her official and individual capacities. State Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations asserted in this paragraph and, on that basis, deny any and all remaining allegations.

8. Admit that Defendant Cynthia Smith is per the complaint being sued in her official and individual capacities. State Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations asserted in this paragraph and, on that basis, deny any and all remaining allegations.

9. Admit that Defendant Amelia Elling is per the complaint being sued in her official and individual capacities. State Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations asserted in this paragraph and, on that basis, deny any and all remaining allegations.

10. This paragraph is addressed to unidentified, unknown John Doe Defendant. The paragraph does not apply to State Defendants and therefore no response is necessary. To the extent Paragraph 10 alleges facts adverse to these defendants, they are denied.

11. Paragraph 11 asserts legal conclusions to which no response is necessary; to the extent that it alleges facts, denied.

12. This is an instructional paragraph, to which no response is necessary. If a response is deemed necessary, denied.

13. This is an instructional paragraph, to which no response is necessary. If a response is deemed necessary, denied.

### III.   Jurisdiction

14. This is a statement of jurisdiction as to which no responsive pleading is required; if deemed required, the statement is denied and Plaintiff is left to his proof thereof.

### IV.   Venue

15. This is a statement of venue as to which no responsive pleading is required; if deemed required, the statement is denied and Plaintiff is left to his proof thereof.

### V.   Material Facts

16. Admit.

17. State Defendants are without knowledge or information sufficient to either admit or deny the allegations asserted in this paragraph and, on that basis, deny.

18. Admit only that Plaintiff was discharged from Rhode Island Hospital. State Defendants are without knowledge or information sufficient to either admit or deny the allegations asserted regarding the time of discharge and, on that basis, deny.

19. (a) – (i): State Defendants are without knowledge or information sufficient to either admit or deny the discharge instructions and the remaining allegations asserted in each section of

this paragraph, on that basis, deny.

20. State Defendants are without knowledge or information sufficient to either admit or deny the allegations asserted in this paragraph and, on that basis, deny.

21. State Defendants are without knowledge or information sufficient to either admit or deny the allegations asserted in this paragraph and, on that basis, deny.

22. State Defendants are without knowledge or information sufficient to either admit or deny the allegations asserted in this paragraph and, on that basis, deny.

23. Admit.

24. Admit that plaintiff was seen. The medical record speaks for itself. To the extent that this paragraph alleges facts beyond those in the medical record or attempts to editorialize or interpret the medical record, denied.

25. Paragraph 25 asserts allegations beyond the content of the medical records, denied.

26. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's observations and thoughts and the remaining allegations asserted in this paragraph and, on that basis, deny.

27. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff hearing a "no sick call" announcement and the remaining allegations asserted in this paragraph and, on that basis, deny.

28. State Defendants are without knowledge or information sufficient to either admit or deny the allegations asserted in this paragraph and, on that basis, deny.

29. State Defendants are without knowledge or information sufficient to either admit or deny the allegations asserted in this paragraph and, on that basis, deny.

30. Exhibit A to the Complaint speaks for itself. To the extent that this paragraph alleges facts beyond those in Exhibit A, denied.

31. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's observations and the remaining allegations asserted in this paragraph and, on that basis, deny.

32. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's "pain level" and the remaining allegations asserted in this paragraph and, on that basis, deny.

33. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff hearing a "no sick call" announcement and the remaining allegations asserted in

this paragraph and, on that basis, deny.

34. State Defendants are without knowledge or information sufficient to either admit or deny what Plaintiff "knew" and the remaining allegations asserted in this paragraph and, on that basis, deny.

35. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's actions or conversations with Defendant Ware and the remaining allegations asserted in this paragraph and, on that basis, deny.

36. State Defendants are without knowledge or information sufficient to either admit or deny Defendant Ware's conversation with Plaintiff and the remaining allegations asserted in this paragraph and, on that basis, deny.

37. Admit.

38. Admit.

39. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's conversations with Defendant Ware and Defendant Disla and the remaining allegations asserted in this paragraph and, on that basis, deny.

40. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's conversation with Defendant Disla and the remaining allegations asserted in this paragraph and, on that basis, deny.

41. State Defendants are without knowledge or information sufficient to either admit or deny Defendant Ware's and Defendant Disla's actions and the remaining allegations asserted in this paragraph and, on that basis, deny.

42. Exhibit A to the Complaint speaks for itself. To the extent that this paragraph alleges facts beyond those in Exhibit A, denied.

43. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's actions and conversations with Defendant Smith and Defendant Denise and the remaining allegations asserted in this paragraph and, on that basis, deny.

44. State Defendants are without knowledge or information sufficient to either admit or deny the allegations asserted in this paragraph and, on that basis, deny.

45. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's observations and "pain level and the remaining allegations asserted in this paragraph and, on that basis, deny.

46. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff hearing a "no sick call" announcement and the remaining allegations asserted in

     this paragraph and, on that basis, deny.

47. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's actions, observations, and thoughts and the remaining allegations asserted in this paragraph and, on that basis, deny.

48. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's actions, observations, and conversations and the remaining allegations asserted in this paragraph and, on that basis, deny.

49. State Defendants are without knowledge or information sufficient to either admit or deny Defendant Disla's actions and Plaintiff's complaints and the remaining allegations asserted in this paragraph and, on that basis, deny.

50. State Defendants are without knowledge or information sufficient to either admit or deny the allegations asserted in this paragraph and, on that basis, deny.

51. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's conversations and the remaining allegations asserted in this paragraph and, on that basis, deny.

52. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's actions and conversations and the remaining allegations asserted in this paragraph and, on that basis, deny.

53. Exhibit A to the Complaint speaks for itself. To the extent that this paragraph alleges facts beyond those in Exhibit A, denied.

54. State Defendants are without knowledge or information sufficient to either admit or deny the number of Oxycodone tablets ordered for Plaintiff and the remaining allegations asserted in this paragraph and, on that basis, deny.

55. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's observations and "pain level" and the remaining allegations asserted in this paragraph and, on that basis, deny.

56. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff hearing a "no sick call" announcement, his actions, and the remaining allegations asserted in this paragraph and, on that basis, deny.

57. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's actions, his conversation with Defendant Smith, and the remaining allegations asserted in this paragraph and, on that basis, deny.

58. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's conversation with Defendant Smith and the remaining allegations asserted in

this paragraph and, on that basis, deny.

59. State Defendants are without knowledge or information sufficient to either admit or deny any information Nurse Practitioner Fink may have been provided or actions taken and the remaining allegations asserted in this paragraph and, on that basis, deny.

60. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's communications and the remaining allegations asserted in this paragraph and, on that basis, deny.

61. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's communication with Defendant Smith and the remaining allegations asserted in this paragraph and, on that basis, deny.

62. State Defendants are without knowledge or information sufficient to either admit or deny the observations of Defendant Disla or Plaintiff's communications with her and the remaining allegations asserted in this paragraph and, on that basis, deny.

63. State Defendants are without knowledge or information sufficient to either admit or deny any actions Defendants Disla and Smith may or may not have taken, any options available, Plaintiff's complaints and the remaining allegations asserted in this paragraph and, on that basis, deny.

64. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's communications with Defendant Denise and the remaining allegations asserted in this paragraph and, on that basis, deny.

65. State Defendants are without knowledge or information sufficient to either admit or deny Defendant Elling overheard communications between Plaintiff and Defendant Denise, Defendant Elling's observations, Plaintiff's pain, and the remaining allegations asserted in this paragraph and, on that basis, deny.

66. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's communications with Defendants Denise and Elling, any content of a list, and the remaining allegations asserted in this paragraph and, on that basis, deny.

67. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's choice regarding a medical request slip, his communications, the response time on a medical request slip, and the remaining allegations asserted in this paragraph and, on that basis, deny.

68. Deny.

69. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's Oxycodone prescription, his pain, and the remaining allegations asserted in this paragraph and, on that basis, deny.

70. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff hearing a "no sick call" announcement the allegations asserted in this paragraph and, on that basis, deny.

71. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's state, his pain, his condition progression, and the remaining allegations asserted in this paragraph and, on that basis, deny.

72. State Defendants are without knowledge or information sufficient to either admit or deny the allegations asserted in this paragraph and, on that basis, deny.

73. The medical record speaks for itself. To the extent that this paragraph alleges facts beyond those in the medical record or attempts to editorialize or interpret the medical record, denied.

74. State Defendants are without knowledge or information sufficient to either admit or deny options available to staff, Plaintiff's pain, his medical condition, and the remaining allegations asserted in this paragraph and, on that basis, deny.

75. The medical record speaks for itself. To the extent that this paragraph alleges facts beyond those in the medical record or attempts to editorialize or interpret the medical record, denied.

76. Admit Plaintiff was admitted to Rhode Island Hospital. State Defendants are without knowledge or information sufficient to either admit or deny the time of arrival and admittance and the remaining allegations asserted in this paragraph and, on that basis, deny.

77. State Defendants are without knowledge or information sufficient to either admit or deny assessment of Plaintiff and the remaining allegations asserted in this paragraph and, on that basis, deny.

78. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's diagnosis and the remaining allegations asserted in this paragraph and, on that basis, deny.

79. This paragraph states a medical opinion and/or basis of a medical condition and does not allege facts. To the extent that this paragraph alleges facts, denied.

80. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's interactions with ER doctors and the remaining allegations asserted in this paragraph and, on that basis, deny.

81. Deny.

82. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's communications with a doctor and the remaining allegations asserted in this

8

paragraph and, on that basis, deny.

83. To the extent that this paragraph alleges any wrongdoing by State Defendants, deny. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's communications with a doctor including conversations involving negligence and the remaining allegations asserted in this paragraph and, on that basis, deny.

84. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's communications and the remaining allegations asserted in this paragraph and, on that basis, deny.

85. State Defendants are without knowledge or information sufficient to either admit or deny the doctor's communication to Plaintiff and the remaining allegations asserted in this paragraph and, on that basis, deny.

86. Deny.

87. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's visit details, diagnosis, and the remaining allegations asserted in this paragraph and, on that basis, deny.

88. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's diagnosis, treatment options, and the remaining allegations asserted in this paragraph and, on that basis, deny.

89. To the extent that this paragraph alleges any wrongdoing by State Defendants, deny. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's reaction and feelings, and the remaining allegations asserted in this paragraph and, on that basis, deny.

90. State Defendants are without knowledge or information sufficient to either admit or deny notes in Plaintiff's medical records and the remaining allegations asserted in this paragraph and, on that basis, deny.

91. To the extent that this paragraph alleges any wrongdoing by State Defendants, deny. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's conversations with a doctor and the remaining allegations asserted in this paragraph and, on that basis, deny.

92. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's treatment and the remaining allegations asserted in this paragraph and, on that basis, deny.

93. To the extent that this paragraph alleges any wrongdoing by State Defendants, deny. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's treatment or doctor's notes and the remaining allegations asserted in this

paragraph and, on that basis, deny.

94. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's conversation with Dr. Sigmund and the remaining allegations asserted in this paragraph and, on that basis, deny.

95. State Defendants are without knowledge or information sufficient to either admit or deny Plaintiff's conversation with Dr. Sigmund and the remaining allegations asserted in this paragraph and, on that basis, deny.

### *Director of the DOC*

96. This paragraph seeks legal conclusions, the statutes speak for themselves, and no further responsive pleading is required. If deemed required, the allegations in this paragraph are denied and Plaintiff is left to his proof thereof.

97. This paragraph seeks legal conclusions, the statutes speak for themselves, and no further responsive pleading is required. If deemed required, the allegations in this paragraph are denied and Plaintiff is left to his proof thereof.

98. This paragraph seeks legal conclusions, the statutes speak for themselves, and no further responsive pleading is required. If deemed required, the allegations in this paragraph are denied and Plaintiff is left to his proof thereof.

99. This paragraph seeks legal conclusions, the statutes speak for themselves, and no further responsive pleading is required. If deemed required, the allegations in this paragraph are denied and Plaintiff is left to his proof thereof.

### *Medical Director of DOC*

100. Deny.

101. Deny.

102. Deny.

103. Deny.

### *Warden of Medium Security Facility*

104. Deny.

105. Deny.

### *Official Policy and Conduct of Defendant Coyne-Fague and Other Defendants*

106. Deny.

107. Deny.

108. Deny.

109. Deny.

110. Paragraph 110 asserts a legal conclusion and/or theory to which no response is necessary; to the extent Paragraph 110 alleges facts, they are denied.

### *Harm and Damages*

111. Deny.

112. Deny.

113. Deny.

114. Deny.

### VI. Claims for Relief

115. State Defendants re-allege and incorporate by reference each and every answer contained in the preceding paragraph as though fully set for the herein.

### COUNT ONE
*Violation of the Right of Freedom from Cruel and unusual Punishment under 42 U.S.C § 1983*

116. Deny.

### COUNT TWO
*Violation of the Right of Freedom from Cruel and unusual Punishment under Article 1, § 8 of the Rhode Island Constitution*

117. Deny.

### COUNT THREE
*Negligence*

118. Deny.

### COUNT FOUR
*Medical Malpractice*

119. Deny.

## VII.     Prayers for Relief

WHEREFORE, the State Defendants pray that the Complaint in this civil action be dismissed; that the relief sought herein be denied; that State Defendants be awarded reasonable attorney's fees and costs incurred in the defense hereof; and such other relief as is lawful and proper be awarded to the State Defendants.

### STATE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY
### ON ALL COUNTS AND CLAIMS SO TRIABLE

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint fails to allege facts sufficient to show that Plaintiff is entitled to recover any damages as against State Defendants.

### Second Affirmative Defense

State Defendants have the benefit of the State's status as sovereign, together with all privileges and immunities that inure to said sovereign status.

### Third Affirmative Defense

State Defendants have the benefit of all expressed and implied exceptions to the waiver of sovereign immunity.

### Fourth Affirmative Defense

State Defendants claim the benefit of Eleventh Amendment immunity to the extent applicable to this civil action.

### Fifth Affirmative Defense

To the extent State Defendants are not immune and are held liable for damages, which liability is expressly denied, the monetary limitations on damages set forth in State law should apply to the State and State officials.

### Sixth Affirmative Defense

At all times material to the matters alleged in the Complaint, the State, its officers, agents and employees, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed.

### Seventh Affirmative Defense

State Defendants acted reasonably and in good faith and did not violate any clearly established law and, therefore, plead qualified immunity.

### Eighth Affirmative Defense

State Defendants at all times acted reasonably, within the scope of their employment, in an authorized manner, and each in their official capacity.

### Ninth Affirmative Defense

The acts or omissions of State Defendants were not a conscious disregard of Plaintiff's needs or rights; were not intentional and willful; and were not in violation of Federal or State law.

### Tenth Affirmative Defense

The acts or omissions of State Defendants do not constitute actual fraud, willful misconduct, or actual malice in violation of Federal or State law.

### Eleventh Affirmative Defense

State Defendants assert any and all applicable defenses relating to assumption of the risk.

### Twelfth Affirmative Defense

State Defendants assert that Plaintiff caused and/or contributed to the alleged injuries or damages complained of, and therefore, State Defendants plead the doctrine of comparative and/or contributory negligence.

### Thirteenth Affirmative Defense

Plaintiff is not entitled to monetary damages as against State Defendants under Federal or State law.

### Fourteenth Affirmative Defense

Plaintiff is not entitled to punitive damages as against State Defendants under Federal or State law.

### Fifteenth Affirmative Defense

Plaintiff is not entitled to attorney's fees, interest, or costs under Federal or State law.

### Sixteenth Affirmative Defense

Plaintiff failed to exhaust administrative remedies.

### Seventeenth Affirmative Defense

Plaintiff failed to comply with the Prison Litigation Reform Act.

### Eighteenth Affirmative Defense

The acts and omissions alleged in the Complaint were caused by parties other than the State of Rhode Island or the State Defendants named herein.

### THE STATE DEMANDS A JURY TRIAL ON ALL COUNTS

Respectfully Submitted,

State Defendants,

Patricia Coyne-Fague, in her official capacity; Jennifer Clarke in her official capacity; Ruiz Diniz, in his official capacity; Silka Disla in her official capacity; Amelia Elling in her official capacity; Lorraine Ware in her official capacity; Cynthia Smith; and the Rhode Island Department of Corrections,

By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Tiffany A. Parenteau*
Tiffany A. Parenteau, Bar No. 8436
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2109
Fax No. (401) 222-3016
tparenteau@riag.ri.gov

## CERTIFICATION

I hereby certify that on the 21st day of February 2022, I filed the within document via the ECF filing system and that a copy is available for viewing and downloading.

<i>/s/ Tiffany Parenteau</i>