## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **DERRICK PERSON** | : |
| | : |
| **v.** | : **C.A. 1:22-cv-00043-WES-LDA** |
| | : |
| **PATRICIA COYNE-FAGUE, alias, et al.** | : |

## STATE DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

State Defendants, the Rhode Island Department of Corrections ("RIDOC"), Patricia Coyne-Fague ("Defendant Coyne-Fague"), Ruiz Diniz ("Defendant Diniz"), Silka Disla ("Defendant Disla"), Amelia Elling ("Defendant Elling"), Lorraine Ware ("Defendant Ware"), and Cynthia Smith ("Defendant Smith"), in their official and individual capacities, and Jennifer Clarke ("Defendant Clarke") in her official capacity only (collectively the "State Defendants"), hereby object to Plaintiff's motion to amend the complaint and request this Honorable Court deny Plaintiff's request to amend the complaint with respect to all proposed amendments except for the correction of Defendant Denise's name to her full name, Denise Desjardins, throughout the complaint.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 28, 2019, Plaintiff had hernia surgery at Rhode Island Hospital and then returned to the RIDOC facility. ECF No. 1. Plaintiff stated everything felt good that day. *Id.* at ¶ 16. Plaintiff received and completed his course of prescribed Oxycodone in the days that followed. *Id.*, Exhibit A. Plaintiff alleges that from January 29, 2019, through February 2, 2019, his complaints of severe pain and swelling were ignored and therefore medical care was denied him in a manner violating his constitutional rights and constituting negligence and medical

malpractice. ECF No. 1.  On February 2, 2019, Plaintiff was evaluated by RIDOC staff and sent to Rhode Island Hospital for further evaluation of the pain and swelling he was experiencing that day. *Id.* at ¶ 73. Per Plaintiff's complaint, it was upon this visit to the hospital (on February 2, 2019) that he learned of the injury he claims State Defendants are the proximate cause of in his complaint.

Despite purportedly learning the Defendants were the alleged proximate cause of his injury on February 2, 2019, as well as having access to his own RIDOC medical records[1], Plaintiff filed this complaint on or about January 26, 2022, days before the statute of limitations expired on February 2, 2022.  Plaintiff admits in his memorandum in support of his motion to amend that the complaint was filed days before the statute of limitations ran. ECF No. 40-1, p. 1. The original complaint named the agency, RIDOC, and eight defendants in their individual and official capacities, Defendants Patricia Coyne-Fague, Jennifer Clarke, Ruiz Diniz, Silka Disla, Denise or Denis, Lorraine Ware, Cynthia Smith, and Amelia Elling. ECF No. 1. In addition to the named Defendants, the complaint also referenced "John Doe," "alias," an "unknown employee, agent, representative, or contractor of the DOC whose acts and/or omissions, particularly determining, instituting, and/or approving the 'no sick call' policy that was in effect during the events described below, was responsible for, or contributed to, the harm and damages sustained by the Plaintiff as alleged herein," *Id.* at ¶ 10.

On February 22, 2022, well after the statute of limitations already expired, Plaintiff filed a motion for expedited discovery and additional interrogatories, which the court granted on

---

[1] Plaintiff requested and received his correctional medical records from RIDOC numerous times personally and through legal representation following his surgery. He requested them for himself on February 11, 2019, October 1, 2020, May 29, 2021, and September 23, 2021. Joseph J. Voccola & Associates requested the records on February 19, 2019, and March 14, 2019, and Fay Law Associates on November 20, 2020. On March 31, 2021, Plaintiff's current counsel requested his correctional medical records, the invoice for the same was dated April 6, 2021.

February 23, 2022. ECF No. 22 and Text Order granting ECF No. 22 dated Feb. 23, 2022. Plaintiff's reasoning for the expedited and early discovery was a lack of knowledge of the identity of potential defendants.[2] ECF No. 22. RIDOC answered the allowed early discovery on April 13, 2022, Plaintiff agreed to give RIDOC until the Rule 16 conference on April 14, 2022 to respond. Following the initial response and conversations with Plaintiff's counsel, RIDOC supplemented the response on April 28, 2022, to clarify the responses to the sick-call related interrogatories. The Rule 16 conference was held on April 14, 2022. On April 25, 2022, Plaintiff filed a motion to extend time to serve Defendant Denise Desjardins as the Rule 4(m) period to serve was set to expire on April 26, 2022. On April 27, 2022, a day after the 4(m) service period had run, Plaintiff provided to State Defendants a draft amended complaint. The draft amended complaint clarified the name of Defendant Denise Desjardins and added four of the proposed defendants (Jay Pierotti, Karen Tavares, Allison Szewczyk, and Mikaylin Williams). On April 29, 2022, Plaintiff circulated an updated draft amended complaint that included three additional proposed defendants, Steve Fortin, Brenda Abelli, and Brittany Plaisted.

Plaintiff filed the motion to amend the complaint on May 16, 2022. The motion and accompanying memorandum note numerous proposed "substantial changes" to the complaint. ECF Nos. 40 & 40-1. Not only does Plaintiff's proposed amended complaint correct Defendant Denise's name to her full name (of which the State has no objection), it attempts to add seven new defendants, new factual allegations about both the proposed and original defendants, and

---

[2] Plaintiff first raised the issue of early discovery after the statute of limitations expired in a February 8, 2022 email response to the State's request for an extension of time to answer the complaint in order to ascertain whether waivers of service could be executed on behalf of the individually named Defendants. Plaintiff replied they would agree to a 60-day extension if the state agreed to early discovery. The State later replied that it was able to file the answer on the due date, February 21, 2022. The State never refused to consent to discovery, it simply filed the answer on behalf of the named Defendants in their official capacity within the required time without need for the requested extension. The State continued to work to obtain waivers of service for the named Defendants in their individual capacity. Plaintiff's motion for expedited discovery was filed the day after the answer was filed.

new factual material gleaned from the interrogatory responses. ECF No. 40-1. State Defendants do not object to the correction of Defendant Denise's name and did not object to Plaintiff's motion for an additional 60 days to serve her. State Defendants will work with Plaintiff to accomplish service for Defendant Desjardins upon an approval of the proposed amended complaint. State Defendants do object to Plaintiff's proposed amended complaint insofar as it seeks to add an additional seven defendants in their official and individual capacities: Jay Pierotti, Karen Tavares, Allison Szewczyk, Mikaylin Williams, Brittany Plaisted, Brenda Abelli, and Steve Fortin. The original complaint limited John Doe to those who allegedly acted with respect to the alleged "no sick call" policy. The only two proposed defendants whose alleged actions can even be considered to fall within the John Doe description from the original complaint are Steve Fortin and Brenda Abelli. No allegations are made that any of the remaining five proposed defendants had anything to do with the sick call decision making. Instead, the remaining five proposed defendants are simply proposed to be added as additional staff who may or may not have had or overheard conversations with Plaintiff and who allegedly took no actions to resolve his alleged complaints.

## II.   STANDARD OF REVIEW

While Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "leave to amend should be 'freely give[n] in circumstances in which 'justice so requires,'" but may be denied for "undue delay, bad faith, futility, or the absence of due diligence on the movant's part." *Calderon-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 19 (1st Cir. 2013) (internal quotations and citations omitted); *see also*, *Forman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied for undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice, and futility of amendment). When determining whether an amendment is futile, the court applies the same standard as it would apply to a motion to dismiss

4

pursuant to Rule 12(b)(6). *Hatch v. Dep't of Children, Youth, and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001); *see also Glassman v. Computervision Corp.*, 90 F. 3d 617, 623 (1st Cir 1996). An amendment may be considered futile when filed after the expiration of the statute of limitations period. *Harvey v. Snow*, 281 F. Supp. 2d 376, 382 (D.R.I. 2003) (motion to amend must be denied as futile when barred by statute of limitations). Further, this court has found the amendment of a complaint to add John Doe defendants after the statute of limitations expired to be futile. *Ferreira v. City of Pawtucket*, 365 F.Supp.2d 215, 217 (D.R.I. 2004) (proposed amendment to §1983 civil rights complaint substituting individual police officer for John Doe defendant after expiration of statute of limitations, did not relate back under Fed. R. of Civ. P. 15(c), and denied as futile); *see also*, *Bussell v. Rhode Island*, 2014 WL 3732096 at * 2 (D.R.I. July 25, 2014) (amendment to substitute police officer for unidentified John Doe in §1983 complaint after the expiration of statute of limitations, did not relate back under Fed. R. of Civ. P. 15(c), and denied as futile).

In actions brought under 42 U.S.C. §1983, the applicable statute of limitations is that of the forum state. *McIntosh v. Antonino*, 71 F.3d 29, 33 (1st Cir. 1995). Under Rhode Island law, "[a]ctions for injuries to the person shall be commenced and sued within three years next after the cause of action shall accrue…" R.I. Gen. Laws §9-1-14(b). When it is clear, as it is in this case, that the amendment to add defendants is filed after the statute of limitations period has run, the only way an amendment will not be futile is if it is saved by Rule 15(c)'s relation back provision. *Bussell*, 2014 WL 3732096 at * 2. The plaintiff bears the burden of showing that Rule 15(c)'s relation back doctrine applies. *Graham v. Church*, 2015 WL 247910 at *4 (D.N.H. Jan. 20, 2015).

Under Rule 15(c), such an amendment relates back to the date of the original pleading only

if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the

merits; and (ii) knew or should have known that the action would have been brought against it, **but for a mistake** concerning the proper party's identity.
Fed. R. Civ. P. 15(c)(1)(C) (*emphasis added*).[3]

To add a new party after the statute of limitations has expired, a plaintiff must demonstrate: (1) a connection to the conduct, occurrence, or transaction set forth in the original proceeding; (2) that the proposed party received notice of the action during the Rule 4(m) service period so there will be no prejudice in his or her defense; and (3) that the proposed defendant knew or should have known that **but for a mistake**, not a lack of knowledge, plaintiff would have named he or she as a defendant in the original complaint. *Cholopy v. City of East Providence*, 228 F.R.D 412, 417 (D.R.I. 2005).

The purpose of the "mistake concerning ... identity" requirement of Fed. R. Civ. P. 15(c)(1)(C)(ii) is to allow a plaintiff to correct a "misnomer or misidentification." *Roman v. Townsend*, 224 F.3d 24, 28 n.5 (1st Cir. 2000). The Advisory Committee Notes indicate that the mistake provision was included to allow parties "to correct a formal defect such as a misnomer or misidentification." Fed. R. Civ. P. 15, Advisory Committee Notes to 1991 Amendment. *See e.g. Wilson v. U.S. Gov't*, 23 F.3d 559, 563 (1st Cir. 1994) (stating that "[Fed. R. Civ. P. 15(c)(1)(C)]…does not permit relation back where, as here, there is a lack of knowledge of the proper party."); *see also, Cholopy,* 228 F.R.D at 417 (stating that "[a] mistake 'is an incorrect action or statement that follows from faulty judgement, inadequate knowledge, or inattention'" and "only occurs for the purposes of [Fed. R. Civ. P. 15(c)(1)(C)] when plaintiff uses one name intending and thinking to sue one entity, when in fact he should have used a different name") (internal citations omitted).

---

[3] Rhode Island Superior Court Rules of Civil Procedure, Rule 15(c) similarly requires a showing of notice to the party and that the party knew or should have known that **but for a mistake**, the action would have been brought against the defendant.

Relation back is generally permitted where "the proper defendant is already before the court and the effect is merely to correct the name under which he is sued." *Wilson*, 23 F.3d at 563 (quoting *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)). Relation back does not apply where there is simply a "lack of knowledge of the proper party." *Wilson*, 23 F.3d at 563 (quoting *Worthington*, 8 F.3d at 1256); *see, e.g.*, *Cruz v. Bos. Litig. Sol.*, 2016 WL 3568254, at *11 (D. Mass. May 24, 2016) ("lack of knowledge regarding a potential defendant is not the kind of mistake that allows relation back under Rule 15(c)(1)"); *Ferreira*, 365 F. Supp. 2d at 217 (a plaintiff's lack of knowledge as to the identity of a defendant does not constitute a mistake under Rule 15(c)); and *Bussell*, 2014 WL 3732096, at *2 (amendment relates back only where there has been an error made concerning identity of proper party and not where there is lack of knowledge of the defendant such as substituting for a John Doe). Where plaintiff merely lacks knowledge as to the proper party to sue, and does not claim a misnomer or a mistake, the amendment cannot relate back to the filing date of the original complaint. *Cholopy*, 228 F.R.D. at 417-18.

With respect to naming John Doe defendants after the statute of limitations has expired, this court has found on multiple occasions that the amendment does not relate back. *Cholopy*, 228 F.R.D at 418 (if amendments to name John Doe defendants were allowed to relate back to the time of the original filing, any complaint with John Doe defendants would have an indefinite and potentially infinite limitations period); *Ferreira*, 365 F.Supp.2d at 217 (amendment of complaint to name John Doe defendants was futile and could not relate back to original date of complaint because it is not an error but results from a plaintiff's lack of knowledge as to the identity of the proper party); *Bussell*, 2014 WL 3732096 at * 2 ("an amendment to substitute a named individual for a 'John Doe' defendant does not relate back to the time of the original filing because the 'plaintiff's lack of knowledge as to the identity of a defendant, unlike a misnomer or a

misidentification of a defendant does not constitute a mistake…approach also makes sense as a matter of policy 'because otherwise any complaint with "John Doe" defendants would have an indefinite and potentially infinite limitations period'") (internal citations omitted). This interpretation is supported by the vast majority of federal appellate courts considering the issue. *See, e.g., Ceara v.* Deacon, 916 F.3d 208, 211-12 (2d Cir. 2019) (pro se plaintiff's complaint not true John Doe complaint, amended complaint correcting correction officer's name related back), *confirming Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 469-70 (2d Cir.1995) (adding real names for John Doe defendants does not relate back because amendment was "not to correct a mistake but to correct a lack of knowledge," and "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities."), *amended by* 74 F.3d 1366 (2d Cir. 1996); *Winzer v. Kaufman County*, 916 F.3d 464, 470-71 (5th Cir. 2019) ("this court has clearly held that 'an amendment to substitute a named party for a John Doe does not relate back under Rule 15(c)" and "failing to identify individual defendants cannot be characterized as a mistake") (internal citations omitted); *Smith v. City of Akron*, 476 Fed. Appx. 67, 69 (6th Cir. 2012) ("Rule allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unknown Defendants," or other missing appellations."); *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir. 1996) (replacing John Doe defendants with named defendants later is a change in parties and "such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)"); *Herrera v. Cleveland*, 8 F.4th 493, 496-97 (7th Cir. 2021) (mistake clause does not apply when plaintiff lacks knowledge of the proper defendant; naming a John Doe defendant because does not know who harmed him is not a mistake); *Worthington v. Wilson,* 8 F.3d 1253, 1256–57 (7th Cir. 1993) (plaintiff's lack of knowledge about unknown police officers' identities does not

amount to a mistake); *Heglund v. Aitkin County*, 871 F.3d 572, 580 (8th Cir. 2017), *cert. denied*, 138 S.Ct. 749 (2018) (naming a Doe defendant does not relate back under Rule 15(c) because "it was an intentional misidentification, not an unintentional error, inadvertent wrong action, or 'mistake'"); *Garrett v. Fleming,* 362 F.3d 692, 696–97 (10th Cir. 2004) (affirming ruling that amended complaint did not relate back because "[a] plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type [Fed. R. Civ. P. 15(c)(1)(C)] was meant to address."); *Jones v. Georgia Dep't of Corrections*, 763 Fed. Appx. 906, 907 (11th Cir. 2019) ("amendment to substitute named officials for a fictitious defendant would not relate back under [Rule 15(c)], because the plaintiff lacked knowledge of the proper defendant when he filed his complaint") *citing Wayne v. Jarvis,* 197 F.3d 1098, 1102–04 (11th Cir. 1999). It is clear under Federal Rule 15(c) that lack of knowledge of a proper party is not a mistake, and therefore any proposed amendment to add previously unknown parties, including as a substitute for a John Doe party, cannot relate back to the filing date of the original complaint.

### III.   ARGUMENT

Plaintiff's proposed amendment correcting Defendant Denise's name to Denise Desjardins satisfies the mistake or misnomer requirement of Rule 15(c) and is one example of how the rule was intended to be used. Plaintiff is correcting a formal defect and not attempting to add a previously unknown party. State Defendants pose no objection to this limited amendment.

Plaintiff's naming of an additional seven defendants is not correcting any such misnomer or mistaken identity and the State Defendants object to such further amendments not based on "mistake." Plaintiff is not substituting a previously known defendant for an original defendant because of confusion over known parties, but simply adding more defendants, defendants whose identities Plaintiff claimed he needed early discovery to know. By solely naming defendants

whose names were learned through the early discovery served after the expiration of the statute of limitations, Plaintiff demonstrates a lack of knowledge of the identity of the proposed defendants at the time the complaint was filed. Further, Plaintiff notes in his memorandum in support of his motion to amend that he had to obtain the knowledge of the identity of signatures contained in Exhibit A of his original complaint from RIDOC. ECF No. 40-1, p. 7. In other words, it is evident that the identities of the proposed new defendants were unknown to Plaintiff when the complaint was filed, and the statute of limitations expired. As a plaintiff's lack of knowledge as to the identity of a defendant does not constitute a mistake under Rule 15(c); Plaintiff cannot satisfy the "but for a mistake" requirement. Further, Plaintiff cannot and has not shown that the proposed defendants should have known or knew that but for a mistake of identity Plaintiff would have originally named them or that the notice requirement of Rule 15(c) has been satisfied.

    A.    PLAINTIFF'S PROPOSED AMENDMENT TO ADD SEVEN NEW DEFENDANTS CANNOT RELATE BACK UNDER RULE 15(c) AS PLAINTIFF LACKED THE KNOWLEDGE TO NAME THE DEFENDANTS DURING THE STATUTE OF LIMITATIONS PERIOD AND THEREFORE THE REQUIREMENT OF A MISTAKE BEING CORRECTED UNDER RULE 15(c) CANNOT BE SATISFIED.

The Supreme Court has made clear that a mistake is a crucial requirement of the relation back doctrine under Rule 15(c).[4] In *Krupski v. Costa Crociere S.p.A.*, the Court explained that a mistake is when plaintiff knows of Party A and Party B but misunderstands their respective roles and sues Party B instead of Party A. 560 U.S. 538, 549 (2010) (relation back to original filing date appropriate where parties were affiliated parties with similar names — Costa Crociere and Costa Cruise — plaintiff was confused as to proper party to sue, mistake in identity was caused by confusing text on plaintiff's ticket, nothing suggested failure to sue proper known party was

---

[4] For the purposes of this objection only, State Defendants will assume that the requirement that Fed. R. Civ. P. 15(c)(1)(B) be satisfied for the purposes of relation back under Rule 15(c) has been met.

due to anything other than a mistake, and confusion had occurred in other cases); *see also, supra*. Here, Plaintiff utterly fails to argue any mistaken identity of known parties and is not removing any parties to substitute a proposed new party in this matter. Plaintiff points to no mistake or confusion regarding identities, plaintiff is making no substitution of one defendant for another, instead plaintiff adds on defendants to factual allegations.[5] ECF No. 40-1. Rather, Plaintiff makes clear in his various filings in this matter that he lacked knowledge of the proposed new defendants. This alone dooms Plaintiff's attempts to add the proposed new defendants under the relation back provision in Rule 15(c). The courts are clear: lack of knowledge of the proper party's identity is not a mistake that allows for relation back. *Wilson*, 23 F.3d at 563; *Cholopy*, 228 F.R.D. at 417-18.

Relation back is generally permitted where "the proper defendant is already before the court and the effect is merely to correct the name under which he is sued." *Wilson*, 23 F.3d at 563 (quoting *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)). This is the situation with Defendant Denise, the correction of clarifying her full name is in effect merely correcting the name under which she is sued. This is not the case with the seven proposed new defendants, defendants whose identities were unknown to Plaintiff at the time he filed the original complaint. Relation back does not apply where there is simply a "lack of knowledge of the proper party." *Wilson*, 23 F.3d at 563 (quoting *Worthington*, 8 F.3d at 1256).

In Plaintiff's memorandum in support of the motion to amend the complaint, Plaintiff states as requirement for relation back under Fed. R. Civ. P. 15(c) that a party "must or should have known, that **but for a mistake** concerning identity, the action would have been brought

---

[5] For example, in paragraphs 48 and 50 of the proposed amended complaint, Plaintiff proposes to add Allison Szewczyk and Jay Pierotti to paragraphs 39 and 41 of the original complaint and do not make any other changes to the paragraphs.

against it." ECF No. 40-1, p.5 (emphasis added). However, Plaintiff fails to argue or demonstrate that but for a mistake, all seven additional defendants would have originally been named. Without a mistake, which includes a misnomer, there can be no relation back to add new defendants. In *Krupski*, the plaintiff demonstrated a mistake: confusion over which of two parties known at the time of filing the complaint should have been named as the defendant originally. 560 U.S. at 555-56. This is very different than naming multiple defendants in the original complaint, conducting early discovery to gather more names, and then choosing to add seven more defendants out of more than 15 previously unknown names provided in the discovery responses. The distinction between the two situations has been noted by courts in this Circuit.

In *Gen'l Linen Serv., Inc. v. Gen'l Linen Serv.*, the court discussed *Krupski* and distinguished between that case and a situation where a plaintiff omitted any reference to the intended defendant(s) in the original complaint. 2015 WL 471011 (D.N.H. February 4, 2015). As discussed in *Gen'l Linen Serv., Inc.*, in *Krupski*, relation back was applicable because the claimant **knew about** and clearly described the intended defendant in a timely pleading but mistakenly used the name of a related entity; however, relation back was not applicable when the plaintiff simply omitted reference to a defendant in the original pleading based on a lack of knowledge of the defendant. *Id.* at *3-5. Likewise in *Phoenix v. Day One*, the court determined that the plaintiff's failure to name the officers was not a mistake concerning the identities of known parties and could not relate back under Rule 15(c). 2020 WL 7310498 (D.R.I. Dec. 11, 2020) (unobjected to Jane Doe substitution allowed, motion to add three officers denied). In that case, the plaintiff filed the complaint two days before the statute of limitations expired, did not learn the identity of three police officers until she received initial disclosures after the statute of limitations expired, and plaintiff only claimed mistaken reliance on an Incident Report in naming

officers for her original complaint but made no claim of mistake as to identity of the officers involved. *Id.* at \*5. Further, as discussed above, this court and the vast majority of Circuits have made it clear that lack of knowledge of a party's identity, including the use of John Doe defendants as a placeholder for defendants of unknown identity, does not satisfy the mistake requirement of the relation back rule.

Plaintiff made clear, on multiple occasions, that despite having access to his medical records and waiting nearly three years, he did not know the identity of the proposed defendants he now wishes to add. Plaintiff has not met his burden to show there is a mistake that would allow the proposed addition of defendants he only learned of through discovery, after the statute of limitations expired. Given that Plaintiff learned of the identities and filed the proposed amended complaint after the statute of limitations expired, and as there is no mistaken identity of known parties, the proposed amendments adding new defendants cannot relate back and must be denied as futile. The law makes it clear that that proposed amendments to add additional parties not known when the complaint was originally filed, so that Plaintiff made no mistake between two known parties in naming one defendant over another, cannot relate back to the original date of filing, whether or not John Doe was included in the original complaint. *Bussell*, 2014 WL 3732096 at \* 2 ("an amendment to substitute a named individual for a 'John Doe' defendant does not relate back to the time of the original filing because the 'plaintiff's lack of knowledge as to the identity of a defendant, unlike a misnomer or a misidentification of a defendant does not constitute a mistake"); *see also, Krupski*, 560 U.S. at 549, 55-56; *Wilson*, 23 F.3d at 563; *Ferreira*, 365 F. Supp. 2d at 217; and *Cholopy*, 228 F.R.D. at 417-18.

### B.   PLAINTIFF ALSO HAS NOT SATISFIED THE KNOWLEDGE AND NOTICE REQUIREMENTS UNDER RULE 15(c)

Rule 15(c) for relation back also requires that potential additional defendants have notice

within the Rule 4(m) period so that their defense will not be prejudiced, and that proposed defendants know or should have known that, but for plaintiff's mistake, they would have been named in the original complaint. *Krupski*, 560 U.S. at 547-548; *Cholopy*, 228 F.R.D at 416-17. Despite being allowed to conduct expedited and early discovery, Plaintiff has not made a showing that he has satisfied these requirements.

1. Plaintiff has not demonstrated that, but for a mistake in identity, the proposed new defendants knew or should have known they would have been named.

In order to satisfy the requirements for relation back under Rule 15(c), a plaintiff must show (among other things) that the proposed defendant should have known that the action would have been against him or her, but for a mistake concerning the proper party's identity. *Rodriguez v. Municipality of San Juan*, 659 F.3d 168, 181 (1st Cir. 2011). *Krupski* makes clear that the question is whether or not proposed defendants knew that but for plaintiff's mistake between two known parties, they would have been named in the original complaint. *Krupski*, 560 U.S. at 547-548. Whereas here, Plaintiff has made no claim of mistake and has made clear that he lacked knowledge of the proposed defendants' identities, it is impossible for proposed defendants to know that they should have been named instead of the original defendants. In *Rodriguez*, plaintiff failed to show what mistake he made regarding a former supervisor's identity as a proper party or explain how the supervisor should have known that she would have been sued if it were not for the unidentified mistake; therefore, the court found that the proposed amendment could not relate back under federal rules. *Rodriguez*, 659 F.3d at 181*; see also Cholopy*, 228 F.R.D. at 417-18 ("plaintiff's lack of knowledge as to the identity of a defendant, unlike a misnomer or misidentification of a defendant, does not constitute a mistake under Rule [15(c)(1)(C)]"). The court found that without these showings, the burden under Rule 15(c) has not been met to warrant relation back. *Id.*

Plaintiff attempts to argue that there were individuals in the complaint described only by role, and so all proposed defendants should have known they were meant to be named. Plaintiff provides no examples of individuals described solely by role that would have informed proposed defendants that they were meant to be sued when the complaint was filed. Plaintiff's sole proffered example in the memorandum, ("the second shift dispensary reception officer of the Medium Security Facility in January and February 2019") is the description provided for Defendant Denise. ECF No. 1, ¶ 6. This is not the same as having an unknown individual defined solely by role. In the original complaint role descriptions were accompanied by a named Defendant or John Doe. *See e.g.*, ECF No. 1, ¶¶ 2-10, 29, 52. Without presenting any evidence to support their burden of proof, Plaintiff essentially seeks to shift this burden to the defendants. Further, Plaintiff submits that because the proposed defendants work at the Adult Correctional Institutions these individuals should have knowledge that, but for a mistake – which Plaintiff does not define – the proposed defendants should know and remember not only the alleged incidents complained of but also that but for a mistake, they should have been sued. This court has expressed that it is difficult to understand how the mere presence of an officer during an incident could inform that officer that but for a mistake he should have been named. *Phoenix*, 2020 WL 7310498 at n.4. Yet, this Plaintiff is asking this court to find that proposed defendants supposed alleged conversations and inaction over three years ago is enough to inform them that but for an undefined mistake they should have been named at the initiation of Plaintiff's suit. It is entirely unclear how the proposed defendants could have known that they were meant to be named as defendants in this case because Plaintiff has not alleged a mistake of identity or a substitution of parties due to mistaken identity.

Much like *Rodriguez*, Plaintiff has not argued any mistake concerning the proper party's

identity or how the proposed defendants should have known that but for a mistake of identity, these newly named proposed defendants would have been sued. Rather than demonstrating a mistake that proposed defendants could potentially know, Plaintiff attempts to add defendants whose identities were unknown when the complaint was filed and when the statute of limitations expired. Plaintiff has repeatedly made clear that he did not know the identity of the proposed defendants. It is entirely unclear from Plaintiff's motion and the facts before us how the proposed defendants should have known that, but for a mistake in identity between parties, they would have been named. The proposed defendants were chosen from more than 15 previously unknown names provided in early discovery responses. Plaintiff has made no showing of a mistake of known party's identities and/or roles that led to confusion on the Plaintiff's behalf over who to name as defendant, as discussed in *Krupski*. Without a mistake, the plain language of Rule 15(c)(1)(C), cannot be applicable to this situation.

2. <u>Plaintiff has not demonstrated actual or constructive notice for any of the proposed new defendants.</u>

Without clear mistaken identity there can be no knowledge of the mistake. Assuming, arguendo, that Plaintiff actually argued mistaken identity so that proposed defendants knew or should have known they would be named Defendants, Plaintiff would still need to demonstrate that the proposed defendants received notice within the Rule 4(m) period for service (by April 26, 2022). Plaintiff has not made a showing of actual or constructive notice so as not to prejudice these proposed defendants as required under Rule 15(c) for relation back. *Cholopy*, 228 F.R.D. at 416.

Plaintiff argues that every proposed defendant received actual or constructive notice, that there is an identity of interest with the original defendants, and that knowledge can be imputed through the attorney because counsel apparently should have known that in a complaint already

naming eight defendants, Plaintiff would add another seven defendants. State Defendants strongly disagree with all three of these contentions.

Plaintiff provides no evidence that the proposed defendants had actual or constructive notice. Plaintiff did not identify any of the defendants he was planning to add until the day after the Rule 4(m) service period ended, despite discovery being provided two weeks prior. The proposed additional defendants could not have guessed from the complaint that Plaintiff was intending to name them, even if they had read the original complaint. Plaintiff has pointed to no language in the original complaint that indicated that additional defendants were being considered. Further counsel for the State Defendants has had no conversations with the proposed defendants and the proposed defendants have not been part of conversations between counsel and named Defendants. The only indication in the original complaint that there were unknown defendants was the use of John Doe. In the original complaint, John Doe was limited to individuals involved in making the sick call decision and cannot include any of the five proposed defendants (Williams, Szewczyk, Tavares, Plaisted, and Pierotti) who are not added to any of the allegations related to sick call decision making in the proposed complaint. Also, with respect to Jay Pierotti, it is entirely unclear how he could have known he was to be added to the complaint when the only original named Defendants with a similar role were female (Defendants Disla and Denise). It would be reasonable to believe that Plaintiff did not confuse the gender when making his allegations in the original complaint. This is supported by the fact that in the proposed amended complaint, he is only added to factual allegations that not only did not originally imply that additional defendants would be named, but originally included only females. ECF No. 40-2, ¶¶ 48, 50, 59, 60 *compared with* ECF No. 1, ¶¶ 39, 41, 48, 49. With respect to Brittany Plaisted, she is not added to any of the paragraphs from the original complaint, which further raises

questions as to how she possibly could have been on notice that she was an intended defendant based on the original complaint. *See*, ECF No. 40-2, ¶¶ 14, 66 (no corresponding paragraphs in ECF No. 1).

Plaintiff argues that *Ayala Serrano v. Lebron Gonzalez* stands for the fact that there is actual notice in this matter. The situation in *Ayala* is different than that presently before the court. First, the court in *Ayala* noted that Plaintiff filed his complaint pro se and so his pleadings were to be liberally construed, unlike here where Plaintiff is represented by counsel. 909 F.2d 8, 10 (1st Cir. 1990). Second, in *Ayala*, the proposed defendant was present during the assault, assisted in the investigation, and continued to work in the unit where Ayala remained under extensive special protective measures, and while the amended complaint came after the statute of limitations expired, it was still only approximately 15 months after the incident. *Id.* At 10-11. This is very different than the case before us where the alleged incident is not a concrete incident occurring on a specific day, the actions accused of mainly revolve around alleged conversations occurring over three years ago or alleged decisions regarding sick call which are made on a facility wide level and not with respect to specific inmates, and there is no involvement in extensive security measures afterwards. Further, the First Circuit in *Morel v. DaimlerChrysler AG* made clear that alleged involvement in events at issue is not enough to constitute notice. 565 F.3d 20, 26 (1st Cir. 2009).

Plaintiff's arguments regarding constructive notice are also problematic. Plaintiff attempts to both impute knowledge through identity of interest between proposed defendants and the named Defendants and through shared attorney arguments. Plaintiff attempts to argue that identity of interest as defined in *Jacobsen*, applies and represents the same situation before the court in this matter. It does not. As *Jacobsen* notes, and the Plaintiff ignores, both notice and mistake clauses

must be satisfied for relation back. 133 F. 3d at 320. Further *Jacobsen* examined two different situations, a substitution for a misidentification of the proper party and an addition of an unknown party through the naming of a John Doe defendant. 133 F. 3d at 317. In this matter there is no substitution for a misidentified party, only proposed addition of defendants. Also, *Jacobsen* was a police misconduct case involving claims of abuse and false arrest arising from a specific incident. *Id.* It differs from Plaintiff's complaint which alleges conversations and inaction over a period of days. The court inferred an identity of interest between parties in *Jacobsen*, without a briefing by the City on the topic, as there was a substitution of defendants due to earlier incorrect identification of the proper party to sue and presuming the original defendants investigated the situation as the matter was set for trial. *Id.* at 317-18, 320. The court did not address the identity of interest and shared attorney discussion for the John Doe defendants because it found naming John Doe defendants was not a mistake and therefore could not relate back to the filing date of the original complaint. *Id.* at 321-22. The court made clear that where there is no mistake, there can be no relation back regardless of the notice requirement. *Id.*

The First Circuit has described the identity of interest test as whether parties are "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other…the old and new plaintiffs are sufficiently related so that the new plaintiff was in effect involved in [the proceedings] unofficially from an early stage." *Young v. Lepone*, 305 F.3d 1, 15 (1st Cit. 2002). Plaintiff makes no arguments that the proposed defendants have been even unofficially involved in the proceedings from an early stage. While courts have held sufficient identity of interest between corporate officers and their corporation, they have not extended it to non-management employees. *See Chao v. Ballista*, 630 F. Supp. 2d 170, 181 (D.Mass. 2009) (internal citations omitted). Even courts that have found

identity of interest between corporate officers, such as the Third Circuit, have expressly held that notice to an agency, the Pennsylvania Department of Corrections, was insufficient to impute notice to low-level employees under Rule 15. *Id. citing Garvin v. City of Philadelphia*, 354 F.3d 215 (3d Cir. 2003). Specifically in *Chao*, the U.S. District Court of Massachusetts found where there was no evidence that the Massachusetts Department of Corrections former director of security had been involved in the litigation, formally or informally, notice could not be imputed. *Id.* Plaintiff while stating that proposed defendants should have known about the litigation and their potential naming, has made no argument that proposed defendants have been involved in the litigation.[6] The majority of the proposed defendants are not in a supervisory position, only Abelli and Fortin can be considered in such a position.

In *Chao*, the court further found that the "shared attorney" principle "requires that a plaintiff demonstrate that there was some communication or relationship between the attorney for the named defendants and the party sought to be added as a defendant." *Id. citing Miller v. Hassinger*, 173 F. Appx. 948, 956 (3d Cir. 2006). *Chao* further discusses the Third Circuit test that it "is not whether new defendants will be represented by the same attorney, but rather whether the new defendants are being represented by the same attorney" and found that where there was no evidence of communication with the proposed defendant prior to inclusion in the amended complaint during the 4(m) period, it was not enough that counsel for the original defendants would represent the proposed defendant if the court allowed the addition. *Id*. at 181-82. Here, counsel was first notified of some of the proposed additional defendants the day after the Rule 4(m) period concluded and did not have contact with the proposed defendants. Further, it is currently unknown whether or not counsel for the originally named Defendants will represent the proposed defendants if this court

---

[6] While counsel has not spoken to proposed defendants Steve Fortin or Brenda Abelli, they were consulted by the signer of the interrogatories in assembling the responses to the early discovery.

permits their addition. Plaintiff claims that the court can impute knowledge of the suit under *Abdell* so long as there is some showing that the attorney knew additional defendnats would be added during the statute of limitations. That case differs factually as counsel did not know during the statute of limitations that proposed defendants would be added and because the inspector in that matter was found to have been known by parties at the time of the original complaint and to have partaken in the decision making with the originally named defendants so as to have an identity of interest that is simply not present in this matter. *Adbell v. City of New York*, 759 F. Supp. 2d 450 (S.D.N.Y. Dec. 22, 2010).

Here each individual proposed defendant's actions and conversations create a potential defense or liability for that individual. The proposed defendants are named in their individual and official capacities with respect to claims that require individual actions for responsibility to be found with respect to any individual defendants. Proposed defendants can also choose not to be represented in their individual capacity. Also, if it is found their actions or inactions lead to a conflict of interest with the agency or to another conflict of interest, the Attorney General can determine they cannot represent the individual proposed defendant and/or that conflict counsel is required. It is also presumptuous at this stage, when counsel only learned of the proposed defendants shortly after the 4(m) period expired and only shortly after the Rule 16 conference occurred, to assume that counsel has begun preparing any sort of defense for the proposed defendants in this matter and that prejudice may not occur if Plaintiff is allowed to add the proposed additional defendants.

Regardless of whether or not there may be notice for all or some of the proposed defendants, this court has found that even where there was arguably, it does not matter when Plaintiff fails to satisfy the requirement for relation back that the failure to name the proposed

defendants was due to mistake. *Cholopy*, 228 F.R.D at 417. Plaintiff has failed to make such a showing to this court and therefore the proposed amendments not correcting Defendant Denise's name cannot relate back under Rule 15(c).

C.   PLAINTIFF'S STATE LAW ARGUMENTS CANNOT SAVE HIS PROPOSED AMENDMENTS.

Plaintiff attempts to save his proposed amendments that cannot relate back under Federal Rule 15 by claiming he exercised due diligence in seeking and obtaining the identities of potential John Doe defendants after the statute of limitations expired and making state law arguments under R.I. Gen. Laws § 9-5-20. Even assuming state law could apply in this situation, Plaintiff's due diligence argument is hollow — there is **no** evidence or specific allegation that Plaintiff conducted due diligence at any point during the nearly three years prior to filing the complaint. "Plaintiff must make reasonable efforts to identify the proper parties within the statutory period enacted by the Legislature. A plaintiff may not delay making said inquiries, file an action three days before the running of the statute of limitations, and name John Does to circumvent the failure to seasonably obtain the appropriate information." *Delight West v. Hill-Rom Co., Inc.,* 2005 WL 2101413 (R.I. Super. Aug. 29, 2005). Plaintiff's actions in this case are akin to those presented to the Rhode Island Superior Court in *Delight West*. Plaintiff here provides no evidence of making inquiries to identify the proper parties within the statutory period, filed the action only a few days before the running of the statute of limitations, and now attempts to name John Does in an attempt to circumvent the failure to obtain the appropriate information.

Further, Plaintiff's argument that he has limited knowledge because he does not have freedom of medical choice and limited access to his medical records is not accurate. As noted above, Plaintiff himself (and through various legal counsel) requested and received his correctional medical records numerous times following his February 2, 2019, visit to the hospital. Plaintiff

and/or his legal representative(s) have had actual access to his medical records for the entire period prior to filing suit just before the statute of limitations deadline. Plaintiff has known what information he was lacking for a significant period of time yet chose to file his complaint just shy of the statute of limitations expiration. Plaintiff has made no arguments that he conducted due diligence in that time period to discover the proper parties. Plaintiff argues the findings in *Longwolf v. Wall* entitle him to a finding here that the John Doe defendants be added to the complaint. *Longwolf* differed in two ways: 1) it was a summary judgment motion where the court found the question of due diligence in determining the John Doe identities was a factual determination that needed to be made; and 2) the plaintiff proposed to add a doctor and medical group contracted by the RIDOC to provide services as opposed to here where Plaintiff attempts to add staff that he may have interacted with for his later medical needs. 2019 WL 5677673 (D.R.I. Nov. 1, 2019). Plaintiff's argument is devoid of any support that due diligence was conducted prior to the statute of limitations expiring. Under state law, "[i]f the hearing justice should find that due diligence had not been exercised, that finding, in itself, can serve as sufficient basis upon which to deny relation back of the amended complaint." *Hall v. Insurance Co. of North America*, 727 A. 2d 667, 670. (R.I. 1999) (denial of relation back to amended complaint due to lack of due diligence could be used as basis to grant summary judgment as a matter of law in favor of the newly added party).

Even if this court were to find that the state John Doe law applies and that Plaintiff exercised the requisite due diligence, only the addition of two of the proposed seven additional defendants could be saved. In Plaintiff's original complaint, Plaintiff defines John Doe as an "unknown employee, agent, representative, or contractor of the DOC whose acts and/or omissions, particularly determining, instituting, and/or approving the 'no sick call' policy that was in effect

during the events described below, was responsible for, or contributed to, the harm and damages sustained by the Plaintiff as alleged herein." (ECF No. 1, ¶ 10). Only proposed defendants Steve Fortin and Brenda Abelli are added to the complaint with respect to factual allegations related to sick call policy. None of the other proposed defendants are alleged to have anything to do with making sick call policy or approving an alleged "no sick call". Rather, Plaintiff improperly attempts to add the other five proposed defendants under the umbrella of John Doe without any allegations in the proposed amended complaint that connect them  to sick call decision making. Therefore, if this court were to find that state law applies to save the proposed defendants related to sick call and that Plaintiff exercised due diligence to ascertain the identities of the proposed defendants prior to the statute of limitations expiring, only Steve Fortin and Brenda Abelli could potentially be added as new defendants in this matter. However, because there was not sufficient notice provided to these proposed defendants and Plaintiff did not exercise due diligence, Plaintiff should not be permitted to add either Steve Fortin or Brenda Abelli as new defendants.

## IV.    CONCLUSION

The contested proposed amendments to name additional defendants were filed after the statute of limitations expired and do not represent a mistake as required for amendments to relate back pursuant to Federal Rule 15(c). Therefore, the amendment to add the seven additional defendants would be futile and should be denied as such.

Wherefore, State Defendants respectfully request that this court deny Plaintiff's motion to the extent that it attempts to add as defendants, Jay Pierotti, Karen Tavares, Allison Szewczyk, Mikaylin Williams, Brittany Plaisted, Brenda Abelli, and Steve Fortin in their individual and official capacities.

Respectfully submitted,

STATE DEFENDANTS,

By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Tiffany A. Parenteau*

Tiffany A. Parenteau #8436
Special Assistant Attorney General
R.I. Department of Attorney General
150 South Main Street
Providence, RI  02903
Tel: (401) 274-4400 ext. 2109
Fax: (401) 222-2995
tparenteau@riag.ri.gov

## **<u>CERTIFICATION</u>**

I hereby certify that on this 17th day of June 2022, the within document was electronically filed and served on all counsel of record via the ECF system and it is available for viewing and downloading.

*<u>/s/ Tiffany A. Parenteau</u>*

25