UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DERRICK PERSON             :
                           :
v.                         :     C.A. No. 22-00043-WES
                           :
PATRICIA COYNE-FAGUE, et. al.   :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States District Court

Pending before the Court is Plaintiff's Motion to Amend. (ECF No. 40). Defendants filed an Objection to the Motion, to which Plaintiff Replied. (ECF Nos. 46, 48). Defendants also filed a Sur-reply. (ECF No. 52). Because the outcome is dispositive of Plaintiff's case against each of the proposed Defendants, I address it by way of a Report and Recommendation (28 U.S.C. § 636(b)(1)(B)). See Phoenix v. Day One, No. 20-cv-152-WES-PAS, 2020 WL 7310498, at *2 (D.R.I. Dec. 11, 2020). For the following reasons, I recommend that the Motion to Amend be GRANTED.

**I.    Background**

On January 26, 2022, one week before Rhode Island's three-year statute of limitations, R.I. Gen. Laws § 9-1-14(b), would have expired, Plaintiff filed this action against Defendants Patricia Coyne-Fague, Jennifer Clarke, Ruiz Diniz, Silka Disla, Correctional Officer "Denise," Amelia Elling, Lorraine Ware, Cynthia Smith, State of Rhode Island Department of Corrections, and John Doe. The 42 U.S.C. § 1983 lawsuit alleges violations of Plaintiff's Eighth and Fourteenth Amendment rights, as well as negligence and medical malpractice. (ECF No. 1 at pp. 1-2).

Plaintiff was an inmate at the Rhode Island Adult Correctional Institutions ("ACI") and, on January 28, 2019, he underwent surgery for a right inguinal hernia with mesh repair.  Id. at p. 4.  Following successful hernia surgery, Plaintiff returned to the ACI, where he suffered post-surgical complications.  Plaintiff alleges that he was denied necessary medical care when the ACI instituted a "no sick call" policy for several days following his surgery.  Id. at pp. 6-11.  After complaining of worsening pain over the course of several days, Plaintiff was ultimately transported back to Rhode Island Hospital and evaluated.  Id. at p. 12.  He then learned that he suffered a right testicular torsion and underwent emergency surgery to remove his right testicle.  Id. at pp. 12-14.  He alleges that with prompt care, his testicle could have been saved.  Id. at p. 14.

On February 21, 2022, the State Defendants (the Rhode Island Department of Corrections ("RIDOC"), Patricia Coyne-Fague, Jennifer Clarke, Ruiz Diniz, Silka Disla, Amelia Elling, Lorraine Ware, and Cynthia Smith, in their official capacities only) filed an Answer to the Complaint.  The following day, Plaintiff moved to expedite Responses to Interrogatories, noting that the RIDOC declined to consent to engaging in expedited discovery "to allow Plaintiff to discover information necessary in order to properly name and serve additional defendants within a reasonable time following service of the Complaint."  (ECF No. 22 at p. 2).  On February 23, 2022, District Judge Smith granted the Motion to "expedite limited discovery pertaining to the identities of John/Jane Doe defendants.…"  See Text Order dated February 23, 2022.  On May 16, 2022, Plaintiff filed the present Motion along with a copy of the proposed Amended Complaint which seeks to correct the Defendant named in the original Complaint as "Denise" to include her full name – Denise Desjardins, to add five additional Defendants under the "relation back" rules established in Fed. R. Civ. P. 15(c) and to add two additional "John Doe" Defendants pursuant to R.I. Gen. Laws § 9-5-20.

## II.     The Relation Back Doctrine – Fed. R. Civ. P. 15(c)

Rule 15(c) of the Federal Rules of Civil Procedure provides in pertinent part that: (1) An amendment to a pleading relates back to the date of the original pleading when...(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

A plaintiff that adds a new defendant by amendment after the running of the statute of limitations "bears the burden of showing that the Rule 15(c) relation back doctrine applies," although "[t]he precise nature of that burden is not entirely clear." Graham v. Church, Civil No. 14-cv-171-LM, 2015 WL 247910, at *4 (D.N.H. Jan. 20, 2015). Here, Plaintiff contends that he is entitled to add five Defendants under Rule 15(c): second-shift dispensary reception officers Jay Pierotti and Karen Tavares, and RIDOC Registered Nurses Allison Szewczyk, Mikaylin Williams, and Brittany Plaisted.

Plaintiff does not dispute that the applicable statute of limitations is set forth in R.I. Gen. Laws § 9-1-14(b), nor that the limitations period had expired by the time the proposed amendments were made. Instead, Plaintiff argues that the newly added Defendants are related entities that were sufficiently described in the original Complaint and which have the same attorney. Plaintiff urges the Court to draw an inference that the newly added Defendants had notice of the action prior to the running of the statute of limitations or during the period for serving the original Summons and Complaint set by Fed. R. Civ. P. 4(m). Plaintiff further contends that he made a mistake when naming the Defendants in his original Complaint and should be permitted to correct that mistake

now. He alleges that he "provided explicit descriptions of defendants' roles and positions" in the Complaint and was mistaken in his belief that he named the correct individuals in his Complaint. (ECF No. 48 at pp. 1-2). He further alleges he satisfied the "notice" criteria established by caselaw to amend his Complaint. Defendants disagree, arguing Plaintiff lacked knowledge as to the proper party, and thus is barred from amending his Complaint outside of the statute of limitations.

While relation back is generally permitted where "the proper defendant is already before the court and the effect is merely to correct the name under which he is sued," Wilson v. U.S. Gov't, 23 F.3d 559, 563 (1st Cir. 1994) (internal quotation marks omitted), it is well settled that relation back does not apply where there is simply "lack of knowledge of the proper party." Id. As outlined above, Rule 15(c) sets out the pertinent legal test Plaintiff must satisfy to amend his Complaint to add the five proposed new Defendants. First, the claim asserted in the Amended Complaint must arise out of the same "conduct, transaction, or occurrence" set forth or attempted to be set forth in the original pleading. Here, the first prong of the relation-back test is easily met because the claims asserted against the newly added Defendants arise out of the same conduct, transaction, or occurrences described in the original Complaint – i.e., Plaintiff's medical care received at the ACI.

Second, the party being added by the amendment must have received notice of the institution of the action within the time period specified in Federal Rule 4(m) for service of a summons and complaint. Rule 15(c) does not require "that a new party receive actual notice of the action and the Rule may be satisfied by a showing of constructive notice. The pertinent question is whether or not the new party, when viewed from the standpoint of a reasonably prudent person, should have expected that the original pleading might be altered or called into question. Thus, the notice must be reasonably calculated, under all of the circumstances, to apprise all

interested parties of the pending action." Lacedra v. Donald W. Wyatt Det. Facility, 334 F. Supp. 2d 114, 127-131 (D.R.I. 2004) (citations omitted). Plaintiff contends that the Complaint adequately described the intended Defendants and that the new and original defendants share the same attorneys, thus he is permitted to amend his Complaint. Id. (noting "there is no prejudice to the new defendant if the attorney was initially on notice to prepare the new party's defense.") Id. at pp. 129-130. This Court finds the substance of the original Complaint indicates that Plaintiff intended to sue the individuals involved in providing medical care to Plaintiff while he was at the ACI over a specific period of days. Moreover, the Court agrees that the newly-added Defendants had constructive notice of the institution of this action because they held the same positions and worked the same shift as other named Defendants, and they share the same attorney as the original Defendants.

The third and fourth requirements of the test require that the new party not be prejudiced in maintaining a defense on the merits and that the new party knew or should have known that the action would have been brought against him or her but for a mistake as to the identity of the proper party. Fed. R. Civ. P. 15(c). Because the Court finds that the original Complaint adequately placed these new Defendants on notice of the claims Plaintiff was asserting, they have not shown that they will be prejudiced if this Court requires them to now defend against Plaintiff's claims.

In conclusion, while both sides have made compelling arguments, the Court ultimately finds that the balance tips to Plaintiff, and recommends that the District Court find that the newly-added Defendants relate back under Rule 15(c). In doing so, the Court is mindful that, "[t]he determination of whether or not an amended pleading relates back to the date of the original is left to the discretion of the trial court. A trial court should exercise this discretion liberally, especially when the complaint alleges a violation of civil rights." Lacedra, 334 F. Supp. 2d at 127-128.

### III.     The Application of R.I. Gen. Laws § 9-5-20 to the "John Doe" Defendants

Plaintiff additionally moves to amend the Complaint to add Defendants Brenda Abelli and Steve Fortin in place of the "John Doe" Defendant pursuant to Rhode Island Gen. Laws § 9-5-20. In the Complaint, "John Doe" is described as "an unknown employee, agent, representative or contractor of the DOC whose acts and/or omissions, particularly determining, instituting, and/or approving the 'no sick call' policy that was in effect during the events described below, was responsible for, or contributed to, the harm and damages sustained by the Plaintiff…." (ECF No. 1 at p. 5). In support of his argument to amend the Complaint to add these two Defendants, Plaintiff argues that he made "diligent efforts" as required by the pertinent statute, to identify these Defendants. (ECF No. 48 at p. 9). The statute provides: "[w]henever the name of any defendant or respondent is not known to the plaintiff, the summons and other process may issue against him or her by a fictitious name, or by such description as the plaintiff or complainant may select; and if duly served, it shall not be abated for that cause, but may be amended with or without terms as the court may order." R.I. Gen. Laws § 9-5-20.

The Rhode Island State Court has previously held that "the underlying purpose of § 9-5-20 is to provide a plaintiff with a mechanism to toll the applicable statute of limitations against a fictitiously named defendant." Souza v. Erie Strayer Co., 557 A.2d 1226, 1228 (R.I. 1989). However, the Court has also made it clear that "[a] plaintiff may avail himself or herself of the provisions of § 9-5-20 only when 'the name of any defendant…is not known to the plaintiff.'" Sola v. Leighton, 45 A.3d 502, 507 (R.I. 2012) (quoting § 9-5-20) (emphasis added). In the present case, Plaintiff outlines the difficulty he encountered in obtaining an attorney while incarcerated during the pandemic and retrieving necessary records. He further outlines how his counsel diligently worked to obtain the names of the "John Doe" Defendants once retained. (ECF No. 48

at p. 10-11). Defendants disagree and contend that Plaintiff did not use due diligence as required. As noted, Plaintiff filed his Complaint and named "John Doe" as a Defendant and specifically described his/her role in the operative facts within the three-year statute of limitations. Plaintiff thereafter exercised due diligence to learn the identity of the individuals identified in the Complaint as John Doe. Accordingly, the Court recommends that the District Court find the conditions of R.I. Gen. Laws § 9-5-20 to be satisfied in this case and allow Plaintiff to amend his Complaint to substitute Brenda Abelli and Steve Fortin as Defendants for the "John Doe."

**Conclusion**

For the foregoing reasons, I recommend that the Motion to Amend (ECF No. 40) be GRANTED in full and that Plaintiff be ORDERED to file his Amended Complaint within fourteen days of the acceptance of this Report and Recommendation by the Court.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 6, 2022